## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| MOUSSA DIARRA, | : | |
| Petitioner, | : : : | |
| v. | : : | NO. 5:21-cv-249-TES-CHW |
| DR. STACY BROWN<br>with Optimal Spinal Rehab., | : : : : | ORDER |
| Respondent. | : : : | |

Petitioner Moussa Diarra, a pretrial detainee in the Dekalb County Jail in Decatur, Georgia, has filed a Petition for Writ of Mandamus. ECF No. 1. He also moves to proceed *in forma pauperis*. ECF No. 2. His motion to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED,** his Petition for Writ of Mandamus (ECF No. 1) is **DENIED**.

## I.   MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

As it appears Petitioner is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**. ECF. No. 2.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee.

28 U.S.C. § 1915(b)(4).  In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Petitioner's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, Petitioner will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.  The agency having custody of Petitioner shall forward said payments from Petitioner's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).  The clerk of court is directed to send a copy of this Order to the Dekalb County Jail.

I.      Directions to Petitioner's Custodian

Because Petitioner has now been granted leave to proceed *in forma pauperis* in the above-captioned case, it is hereby **ORDERED** that the warden of the institution wherein Petitioner is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the CLERK of this Court twenty percent (20%) of the preceding month's income credited to Petitioner's trust account at said institution until the $350.00 filing fee has been paid in full.  The funds shall be collected and withheld by the prison account custodian who shall, on a monthly basis, forward the amount collected as payment towards the filing fee, provided the amount in the prisoner's account exceeds $10.00.  The custodian's collection of payments shall

continue until the entire fee has been collected, notwithstanding the dismissal of Petitioner's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.     Petitioner's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Petitioner is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Petitioner of any balance due on these payments by any means permitted by law in the event Petitioner is released from custody and fails to remit such payments. Petitioner's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

II.     **PETITIONER'S ALLEGATIONS**

Although difficult to decipher, Petitioner seems to allege that on February 6, 2017, he was involved in a motor vehicle accident. ECF No. 1 at 2. Following the accident, an attorney from a law firm located in Stone Mountain, Georgia visited Petitioner at his home. *Id*. The attorney referred Petitioner to Optimal Spinal Rehabilitation, a "Chiropractic facility created by Dr. Stacy Brown in Decatur, Georgia." *Id*.

Petitioner complains that Dr. Brown performed an MRI "with unknown enhancement, material, or strong electrical or magnetic fields." *Id*. Petitioner was

diagnosed with herniated discs that required follow-up treatment, including physical therapy. *Id*. at 2-3. Dr. Brown, however, failed to schedule any follow-up physical therapy. *Id.* at 3. Instead, on an unspecified date in March 2017, Dr. Brown "used an unknown object" to treat Petitioner's back. *Id*. Petitioner states he discontinued treatment with Dr. Brown due to her "excessive testing . . . involving unauthorized medical devices[] or equipment." *Id*. He also claims that Dr. Brown failed to diagnose several serious medical conditions, including cancer. *Id*. at 6.

Petitioner states that Dr. Brown "fraudulently" placed the wrong date of birth in his medical records and "substantially reduced" his medical costs "in [an] effort to depriv[e] Petitioner['s] insurance claim settlement and other deprivations of rights under color of law." *Id*. at 3.

Without much explanation, Petitioner claims to have suffered various negative consequences as a result of Dr. Brown's chiropractic treatment: (1) a "violent shock in December 2019 while watching TV" that resulted in severe neck pain; (2) unspecified neurological and musculoskeletal disorders; (3) unlawful discrimination and denial of medical or other services related to an organ transplant; (4) unspecified mental disorders; (5) "severe physical or developmental disability"; and (6) "misclassification as being mentally insane." *Id*. at 4-5. Petitioner also alleges that he has been arrested as part of a scheme to cover up Dr. Brown's malpractice and prevent him from receiving appropriate medical care. *Id*. at 5.

Petitioner states that he wants a legal investigation into all his claims against Dr.

Brown; access to a medical specialist; "an order directing" that he not be admitted into facilities that have an interest in this matter, including the Dekalb County Jail; and correction of his medical records. *Id*. at 8-9.

### III. ANALYSIS

Petitioner states that

> [t]his Court has jurisdiction to review and decide . . . this matter by express permission of Petitioner and the issue involving great deal of controversy arising from location involved (see) 28 U.S.C. § 1331 and 2201; furthermore, the issues involved is [sic] overseen by separate medical board within Macon, GA.

ECF No. 1 at 1. This Court does not, in fact, have jurisdiction. Contrary to Petitioner's assertions, jurisdiction cannot be based on his "express permission" or the location of a "medical board in Macon, GA." *Id*. Petitioner is also incorrect that the Court has jurisdiction under 28 U.S.C. § 2201. *Id*. "[T]he Declaratory Judgment Act . . . does not, of itself, confer jurisdiction upon the federal courts." *Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir. 1989) (citation omitted). Instead, "a suit brought under the Act must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question." *Id*.

Petitioner also cites 28 U.S.C. § 1331 as the basis for jurisdiction. Pursuant to § 1331, this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." But the Court is unaware of any constitutional provision or federal law that provides the basis for this petition. Thus, the Court finds there is no federal-question jurisdiction in this case under § 1331. The Court notes that

jurisdiction cannot be based on diversity under 28 U.S.C. § 1332 because both Petitioner and Respondent are residents of Georgia. ECF No. 1 at 1-2, 9.

Finally, the statute governing mandamus in the federal courts does not grant jurisdiction in this action. Pursuant to 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." There is no indication that Dr. Stacy Brown is an officer, employee, or agency of the United States. The Court, therefore, does not have jurisdiction under 28 U.S.C. § 1361 to compel her to perform any duty owed to Petitioner.[1]

For these reasons, Petitioner's Petition for Writ of Mandamus is **DENIED**, and the Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 26th day of July, 2021.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] The Court also notes that the proper venue for this action appears to be the Northern District of Georgia as opposed to the Middle District of Georgia. 28 U.S.C. § 90; 28 U.S.C. § 1391(b). The Northern District of Georgia, like this Court, would not have jurisdiction to compel Dr. Brown to take any action. 28 U.S.C. § 1361. Thus, it is not in the interest of justice to transfer the action. 28 U.S.C. § 1406(a).